

IC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**

**SEP 05 2024** ᴍ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KAREN Y. BECKMAN

**Plaintiff,**

v.

**1:24-cv-08075**
Judge Andrea R. Wood
Magistrate Judge Heather K. McShain
RANDOM / Cat. 2

**SAMARITAN BETHANY SENIOR HOME,**
**ROCHESTER POLICE DEPARTMENT,**
**ROCHESTER POLICE DEZELL,**
**ROCHESTER POLICE DETECTIVE RADEMACHER,**
**OLMSTED COUNTY DISTRICT ATTORNEY'S**
**OFFICE, JOHN DOE, and JANE DOE,**

**Defendants.**

## COMPLAINT

Plaintiff, Karen Y. Beckman, complains against defendants Samaritan Bethany Home, Rochester

Police Department, Rochester Police Officer Dezell, Rochester Police Detective Rademacher, Olmsted

County District Attorney's Office, John Doe, and Jane Doe, as follows:

## NATURE OF THE

Plaintiff seeks redress for discrimination suffered in her capacity as a traveling CNA. Plaintiff has

been discriminated against by Defendants on account of her age, national origin and sexual orientation

in violation of Title VII of the Civil Rights Act of 1994, as amended. 42 U.S.C. Section ("Sec.") 2000 et seq. ("Title IIV"), and the Human Rights Act. 363A.08 et seq.

## JURISDICTION AND VENURE

2. This claim is brought under the ADEA and Title VII and jurisdiction is invoked under 28 U.S.C. Sec. 1343. Supplemental jurisdiction is also invoked under 28 U.S.C. Sec. 1367.

3. Venue is proper in the district because Defendants headquarters is located in Minnesota, and Plaintiff's employment contract contained a choice of venue clause requiring her to bring suit in this venue. Exhibit-A.

## ADMINISTRATIVE PROCEDURES

4. Plaintiff has filed a charge with the EEOC***. Copy of the charge is attached as Exhibit-B. Plaintiff received a right to sue letter from the EEOC on June **2024. A copy of the right to sue is attached as Exhibit-C.

## PARTIES

5. Plaintiff Karen Y. Beckman is an African American Citizen who was employed by Samaritan Bethany Facility via Eshfyt Healthcare Agency Contract from April 21st to 23rd, of 2023.

6. Defendants Samaritan Bethany, Peace United Church of Christ and Five Olmsted County-area American Lutheran Church is owner and operator located in Rochester Minnesota at 101 7th Street NW. Rochester, Mn 55901. Defendants are sued in their official capacity.

7. Defendant Nurse Jane Doe, is employed by Samaritan Bethany, et al., at 101 7th Street NW.

Rochester, Mn 55901. She is sued in her individual capacity.

8.      Defendant Shannon ("Jane Doe"), Staff investigator employed by Samaritan Bethany Inc., at 101 7th Street NW. Rochester, Mn. 55901. She is sued in her individual capacity.

9.      Defendants John and Jane Doe, employed by Samaritan Bethany Inc. at 101 7th Street NW. Rochester, Mn., 50901. They are sued in the individual capacity.

10.     Defendant Police Officer Dezell is employed by the Rochester Police Department ('Dept.") at 101 4th St. SE, Rochester, MN 55904. Located in Olmsted County Government Center. Phone # (507) 328-6800. Officer Dezell is sued in his individual and official capacity.

11.     Defendant Police Detective Rademacher is employed by the Rochester Police Depart., at 101 4th St. SE, Rochester, MN 55904. Located in Olmsted County Government Center. Phone # (507) 328-6800. Detective Rademacher is sued in his individual and official capacity.

12.     Defendant Olmsted County Attorney Mark Ostrem and Assistant John and Jane Doe at 201 4th St SE #247, Rochester, MN 55904. Located in the Olmsted County Government Center. Is sue in their official capacity.

13.     Defendants Police Officers is employed by the Rochester Police Dept, ay 101 4th St. SE, Rochester, MN 55904

## **FACTUAL ALLEGATIONS**

14.     Plaintiff was employed by Eyshft Healthcare Agency (hereafter "Agency") on April 21st thru 24, 2023 and assigned to work at Samaritan Bethony Senior Home.

15.     Plaintiff's initial contract provided that laws of the United States ****the state of Minnesota

would apply to her employment relationship and that jurisdiction over disputes regarding her employment "shall be vested exclusively in courts of competent jurisdiction of the United States and the State of Minnesota.

16.     Plaintiff was paid in U.S. Dollars and filed U.S. Tax forms from approximately 2010 through the end 2024.

17.     On April 22-24, 2023, Plaintiff was working the 2-10 shift at the Samaritan Bethony Senior Home as a CNA The outgoing shift person's duty is responsible for living a full report of all residents to the coming shift as to how they transfer, diet, if their continent of incontinent and their behavior.

18.     On the relevant dates, Plaintiff was assigned Residents whose care plan report was in tiny printed. Plaintiff informed the Defendant Nurse that she suffered from Astigmitism and could not read the Residents' care plan. This went on for three days. Not once did Defendant Nurse Supervise Plaintiff orally or provide a readable care plan with setting expectations of the proper method and or procedure to each resident.

19.     On April 24th, while caring for Resident Myrtle in the dining room. A competent resident made a comment to watch Ms. Myrtle because she tried to stab another resident the other day.

20.     While Resident Myrtle was at the meal table. Plaintiff tried to help the Resident turn around towards the table so she could enjoy her meal, because the Resident was on the corner of the table, which is an unsafe area of the table.

21.     Resident Myrtle got angry at the informing Resident's comment and begin throwing her food. Plaintiff immediately tried taking the dish from behind her. While holding Myrtle's wrist with one hand

and reaching for the dish with the other hand to keep the Resident and others safe.

22.     Then while Plaintiff stood behind assigned Resident wheelchair, assigned Resident began backing her wheelchair against Plaintiff's stomach area with full force in an upset state of mind.

23.     Plaintiff manage to get the dish out of assigned Resident's hands. Assigned Resident tried then knocking other items off the table which consist of glass coffee mug filled with coffee and real silverware in front of her.

24.     Plaintiff also tried locking the wheelchair from behind for Resident Myrtle's safety. To prevent Myrtle from failing forward or bump into something. Plaintiff's goal was to keep this Resident safe.

25.     When Resident Myrtle's dinner was complete, Plaintiff was informed that Resident Myrtle would be the first person in bed. Plaintiff asked another Agency CNA to assist., with preparing Myrtle's for bed. Afterwards, Plaintiff decided to pull Myrtle's chair backward so that she could not attack Plaintiff or anyone else. Assisting Agency CNA stood in front and Resident Myrtle kicked assisting CNA.

26.     Upon entering the Resident Myrtle's room. The assisting Agency CNA put on vinyl gloves. Plaintiff put on nitrile gloves. Neither of us had long nails. With the help of the assisting Agency CNA, we prepared assign Resident for bed. Plaintiff got her pajamas, prepared water for partial bath. Both CNAs' decided to arm lift assign Resident to place her in bed. That conclusion came from the combativeness of Resident Myrtle who would not cooperate with a mechanical transfer into bed.

27.     Resident Myrtle pulled the assisting Agency CNA's hair and would not let go. Once the assisting Agency CNA got loose, Both CNAs tried to take the Resident Myrtle's shirt off temporarily holding Myrtle's wrist to keep her from doing more harm. Resident Myrtle began fight the CNAs all over again. Both CNAs decided to remove Myrtle's hand from the sweater. We stopped patient care.

28.     Resident Myrtle began fighter herself by scratching herself, digging in her skin. Once this episode was over, we decided to continue patient care. We placed assign Resident in the bed by transferring Resident Myrtle with two-person lift under her arms. Once in the bed, we immediately performed patient care by trying to clean her peri area Plaintiff worked at the top of the head and the assisting Agency CNA worked at the bottom holding Resident Myrtle's feet to prevent the Resident from kicking.

29.     The Resident freed her leg. Plaintiff tried to help the assisting Agency CNA, the Resident kicked Plaintiff in the neck and shoulder. Plaintiff took assign Resident's leg down. The assisting Agency CNA figured Plaintiff was hurt and with apologized. Plaintiff has experience in this type of Resident behavior and just wanted to keep the Resident safe.

30.     Resident Myrtle shouted derogatory remarks. Assisting Agency CNA and I reported the incident to the Resident Myrtle's Nurse. Plaintiff requested this Defendant Jane Doe on several occasions provide a copy of the Resident care plan that she could read because the print was small and Plaintiff suffered from Astigmitism. The Nurse responding by not offered any help to Plaintiff. We then reported the incident to Vulnerable Adult "VA") Investigator Ms. Shannon. This investigator thanked Plaintiff and assisting CNA, and informed us that she would follow up the next day.

31.     Following the incident, Plaintiff learned that Resident Myrtle's daughter, Defendant Jane Doe, had a security camera installed in Ms. Myrtle's room and had access to the enter incident.

32.     Plaintiff received a Text Message the next day from Ms. Shannon stating that investigators wanted to interview Plaintiff for a VA Investigation.

33.     Plaintiff willingly participated in the interview because Plaintiff felt she done nothing but

performed the job and keep Resident Myrtle safe. During the interview, Plaintiff expressed there is a security camera in Resident Myrtle's room. That such can only be installed by the consent of the facility. That camera would show the entire incident and requested the video be reviewed in VA Investigators.

34.     Defendant Jane/John Doe assured Plaintiff that the video would be a part of their investigation.

35.     Plaintiff explained, her shift cancelled at 8:30p.m. Patient Care checks are every 2 hours. Resident Myrtle's Nurse conducted a patient care check about 8:15pm., conducted a visible examination of Ms. Myrtle and found no sign of bruising, only a small skin tare which she applied ointment and a bandage.

36.     Defendants VA Investigators, requested Rochester Police Department ("RPD") conduct a criminal Investigation against Plaintiff.

37.     Defendants at RPD Dezell, Rademacher, John and Jane Doe sought out information to charge Plaintiff with a criminal offense. Defendants at RPD made Defendants VA Investigators witness 1, Resident Myrtle's Daughter witness 2, and assisting CNA witness 3.

38.     Defendants Rademacher, Dezell, John and Jane Doe relied in-part of the Statement of assisting CNA who admitted Resident Myrtle had tried fighting her and was very combative

39.     Defendant Rademacher elicited assisting CNAs incriminating opinion of Plaintiff's conduct. Example, Rademacher asked Witness 3 if she felt Beckman was too rough with Victim. Witness 3 answered: "yes, she would have handled it differently like get the resident to calm down or get someone else to help." Rademacher asked Witness 3 if she asked Beckman to stop or slow down during the incident. Witness 3 answered: "I wish I would have."

37. Defendant Rademacher spoke with allege Witness 4, who stated at 7:30p.m., April 24, 2023 the "[V]ictim was very upset and was laying in her bed and saw a 'bruise on the back of 'Victim's hand.'"

38. Defendant Rademacher spoke with alleged Witness 5, who stated that she was the nurse working on April 24, 2023 during the incident involving "Victim." She did not see the incident but that Beckmen reported to her, the [V]ictim pushing away from the table during dinner. That Beckman wheeled [V}ictim backwards into her room, they put [V]ictim into her bed without a standing aid; [V]ictim got a skin tear while they transferred her to her bed."

39. Defendant Rademacher, alleged Witness 5, stated she went to check on [v}ictim and Victim would not let Witness 5 look skin tear. Witness 5 then called Witness 1 to let her know what happened.

40. To the best of Plaintiff's knowledge and belief, Defendant Jane Doe ("Myrtle's Daughter") provided Defendants Shannon, John and Jane Doe with video footage on the incident in Resident Myrtle's room the evening of April 24, 2019. This video was later deceptively edited the incident.

41. To the best of Plaintiff knowledge and belief Defendants in paragraphs 40 without actual and factual evidence terminated Plaintiff's shift, later upon review of the deceptively edited video in the course of an VA investigation; and notified Agency who suspended Plaintiff's App.

42. Defendants in paragraphs 40, without actual and factual evidence substantiated assault-4th degree of VA Resident Myrtle on about August of 2023 against the Plaintiff.

43. Defendants in paragraph 40 without actual and factual evidence made a report of assault-4th degree of VA Resident Myrtle to the Rochester Police defendant.

44. Defendants Dezell, Rademacher, John and Jane Doe with actual and constructive knowledge no

actual or factual evidence of assault-4th degree of a VA Ms. Myrtle occurred, singled out Plaintiff for criminal prosecution and inventoried in into evidence a deceptively edited video from the incident date.

45.     Each Defendant know there was no evidence that Plaintiff knowingly, intentionally, or with reckless disregard, committed 4th degree assault of an elderly Resident.

## COUNT I-AGE DISCRIMINATION

46.     Plaintiff realleges paragraphs 1-45 and the facts set forth in Exhibits A, B and C.

47.     At any and all times relevant, Plaintiff was over 40 years in age, and an employee of Agency contracted to Samaritan Senior Home.

48.     On about April 24, 2023 Defendants at Samaritan Bethony Senior Home discriminated against Plaintiff by discharging her from the Facility, thereafter resulting in suspension from Agency for a pretextual reason, and applying its rule and regulations in a disparate manner.

49.     Plaintiff's age did not affect her ability to perform the job and duties of her position with the Facility or Agency in this action.

WHEREFORE, Plaintiff requests that this Court enter judgement in her favor and against Defendant, and order such relief as is necessary to make plaintiff whole, including:

    a.   Damages, including loss of pay and benefits;

    b.   Statutory liquidated damages due to Defendants willful conduct;

    c.   Attorney's fees and cost incurred in this action;

    d.   Such other relief as is just and equitable

## COUNT II-ORIGIN TITLE VII

50.     Plaintiff realleges paragraphs 1-45 and the facts set forth in Exhibit A, B and C.

51.     Defendants discriminated against Plaintiff because of her national origin in violation of Title VII of the Civil Right Act of 1964 and 42 U.S.C. Section 1981 by terminating her and treating her differently than it treated similarly situated non-African American CNAs.

WHEREFORE, Plaintiff request that this Court enter judgment in her favor and against Defendants, and order such relief as is necessary to make Plaintiff whole, including:

   a.  Damages, including loss if pay and benefits, and punitive damages;

   b.  Attorney's fees and costs incurred in this action;

   c.  Such other relief as is just and equitable.

## COUNT III-RETALIATION IN VIOLATION OF TITLE VII

52.     Plaintiff realleges paragraphs 1 through 45 and the facts set forth in Exhibits A, B, and C.

53.     Defendants retaliated against Plaintiff for following through with her report of the incident during her first meeting with Defendant Nurse Jane Doe and requesting security cam be reviewed, and failing to report write up Resident Myrtle's Care Chart not indicating sundowner nor combative towards herself and others. Defendant Nurse informed Plaintiff that would affect the outcome of his Minnesota contract and work at the Facility.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendants, and order such relief as is necessary to make Plaintiff whole, including:

a. Damages, including loss of pay and benefits and punitive damages;

b. Attorney's fees and costs incurred I this action;

c. Such other relief as is just and equitable.

## **COUNT IV-VIOLATION OF MHRA**

54. Plaintiff incorporated each paragraph and the materials in Exhibits.

55. Defendants violated the Minnesota Human Rights Act. 363A.08 Unfair Discrimination Practices Relating to Employment or Unfair Employment Practice et seq., when it subjected her to harassment and discrimination based on her sexual orientation.

56. As set forth above, Defendants, harassed Plaintiff and treated her differently than other similarly situated non-African American female of her CNA because of her race and gender.

57. Defendant subjected Plaintiff to disciplinary proceeding, suspension, criminal investigation, termination and prosecution for a pretextual reason, when Plaintiff in fact did not do anything wrong.

WHEEREFORE, Plaintiff requests that this Court enter judgment in her favor and against each Defendants, and order such relief as is necessary to make Plaintiff whole, including:

a. Damages, including loss of pay and benefits, and punitive damages;

b. Statutory liquidated damages due to Defendants' willful conduct;

c. Attorney's fees and costs incurred in this action;

d. Such other relief as is just and equitable.

## COUNT V-42 U.S.C. SECTION 1983
## Fabrication of False Witness Statements
## (Fourteenth Amendment)

58.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

59.    In the manner described more fully above, Defendants Dezell, Rademacher, John Doe, Jane Doe and the OCSAO Defendants, acting without probable cause to suspect Plaintiff of any crime, individually, jointly, and in conspiracy with one another, and others unknown, as well as under color of law and within the scope of their employment, deprived Plaintiff of her constitutional right to a fair trial and due process by fabricating witness statements implicating Plaintiff in crimes she did not commit, which Defendants knew to be false, and by suppressing their own misconduct and circumstances in which these witness statement were obtained.

60.    Specifically, as set forth above, Defendants lacked the facts and circumstances within their knowledge and of which they reasonably trustworthy information sufficient to warrant a prudent person in believing that Plaintiff committed 4th degree assault of an elderly Resident.

61.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of the truth and Plaintiff's clear innocence.

62.    As s result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

63.    The misconduct described in this Count by the Police Officer Defendants was undertaken pursuant to the manner more fully described previous Counts.

## COUNT VI

## Deprivation of Liberty without Probable Cause

## (Fourth and Fourteenth Amendments)

64.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

65.     In the manner described more fully above, Defendants, individually, jointly, and in conspiracy with one another, as well as under the color of law and withing the scope of their employment, used false evidence that they had manufactured in order to accuse Plaintiff of criminal activity and cause the institution and continuation of criminal proceedings against Plaintiff without probable cause.

66.     In so doing, these Defendants caused Plaintiff to be deprived of his liberty without probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendment.

67.     There Defendants initiated and continued judicial proceedings against Plaintiff maliciously, resulting in injury.

68.     The judicial proceedings against Plaintiff were terminated by a jury verdict of no guilty of all charges.

69.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of the truth and Plaintiff's clear innocence.

70.     As a result of the misconduct of the Defendants described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injury and damages.

71.     The misconduct described n this Count by to Defendants was undertaken pursuant to actions, in

the manner described in Counts prior and below.

## COUNT VII

## 42 U.S.C. SECTION 1983-Violation of Due Process Under the Fourteenth Amendment

Plaintiff incorporates each paragraph of this Complaint as if restated fully herein.

As described more fully above, the RPD Defendants, while acting individually, jointly, and in conspiracy with each other, as well as under the color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process and a fair trial.

In the manner described more fully above, RPD Defendants deliberately, withheld exculpatory and impeaching evidence from Plaintiff, her attorneys, and prosecutors, among others thereby misleading misdirecting Plaintiff's criminal prosecution.

In addition as described more fully above, RPD Defendants fabricated and solicited false evidence, including statements and testimony they knew to be false, fabricated police reports and others evidence falsely implicating Plaintiff, suborned perjury, obtained Plaintiff's continued prosecution using that false evidence, and failed to correct fabricated evidence they knew to be false evidence, and failed to correct fabricated evidence they knew to be false when it was used against Plaintiff during his criminal prosecution.

In addition, the RPD Defendants concealed and fabricated additional evidence that is not yet known to Plaintiff.

Defendants' misconduct directly resulted in Plaintiff's unjust criminal prosecution, thereby denying her constitutional right to a fair trial guaranteed by the Fourteenth Amendment. Absent this misconduct, Plaintiff's prosecution would not and could not have been pursued.

The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and with total disregard to the truth and Plaintiff's clear innocence.

As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

Plaintiff's injuries were caused by the RPD and OCSA's failure to disclose exculpatory evidence to criminal defendant, fabricated false evidence implicating Plaintiff in criminal conduct, elicited false and coerced witness testimony, pursuing a wrongful conviction through profoundly flawed investigations, and otherwise violated due process in a manner similar to that alleged herein.

The misconduct of the RPD and OSAO set forth above were the moving force behind the numerous constitutional violations in this case and directly and proximately caused Plaintiff to suffer the grievous and permanent injuries and damages set forth above.

## COUNT VIII

## Conspiracy to Deprive Constitutional Rights

Plaintiff incorporated each paragraph of this Complaint as if fully restated herein.

The RPD Defendants, acting in concert with other co-conspirators, known and unknown, reached

in agreement among them-selves to frame Plaintiff for a crime she did not committee and or did not occur, thereby to deprive her of her constitutional rights, all as described in the various paragraphs of this Complaint.

In so doing, these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activities.

The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and in total disregard of the truth and Plaintiff's clear innocence.

As a result of Defendants' misconduct described in this Complaint, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continued injuries and damages as set forth above.

## COUNT XI

## State Law Claim Malicious Prosecution

64.     Plaintiff incorporated each paragraph and materials in Exhibits A, B, and C.

65.     In the matter described more fully above, above, Defendants accused Plaintiff of a criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so.

66.     In so doing, these Defendants cause Plaintiff to be subjected improperly to judicial proceedings

for which there is no probable cause. These judicial proceeding were instituted and continued maliciously, resulting in injury.

67.     Plaintiff's criminal prosecution was terminated in her favor, in a manner indicative of innocence.

68.     Defendants' actions were taken under color of law and within the scope of their employment.

69.     As a result of Defendants misconduct described in this Count. Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievance and continuing injuries and damages as set forth above.

## COUNT VII

## State Law Claim-Intentional Infliction of Emotional Distress

70.     Plaintiff incorporates each paragraph of this pleading as it restated fully here.t of the Defendants, suffered, termination from working at the Facility, In Minnesota, as a CNA Care Giver, suspension from the App, Criminal Prosecution, loss of wages, and a damaged reputation for approximately 1 year; and continues to suffer emotional distress and other grievous and continuing injuries and damages as set forth above.

71.     Defendants' actions, and conduct, as set forth above, were extreme and outrageous. These actions were rooted in the abuse of power and authority and were undertaken with the intent to cause, or with reckless disregard for the probability that they would cause Plaintiff severe emotional distress, as more fully alleged above.

**WHEREFORE**, Plaintiff Karen Y. Beckmen respectfully request that this Court enter a judgment in her favor and against RPD Defendant Dezell, Rademacher, John and Jane Doe; Samaritan Bethony Home Defendants Shannon, John and Jane Doe, Jane Doe Daughter of Myrtle; and OSAO Defendants, award compensatory damages, attorney fees, and cost against each Defendant, and because they acted willfully, wantonly, and/or maliciously, punitive damages against each of the Individual Defendants, and any other relief that this Court deems just and appropriate. Lastly, declaratory judgment against OSAO and RDP Defendants in the official capacity, declaring that they violated Plaintiff's constitutional rights.

## JURY DEMAND

Plaintiff Karen Y. Beckman hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issue so triable.

Dated: August \_\_\_, 2024                                       Respectfully submitted,

                                                                  **KAREN Y. BECKMAN**

                                                                  By: /s/ Karen Beckman

**Karen Y. Beckman**

**Pro se., 14715 Kilpatrick Ave.**

**Apt. 2W**

**Midlothian, IL 60445**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **444-2023-02097** |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Karen Y. Beckman | 865-985-8147 | |

Street Address

718 Atlantic Ave

KNOXVILLE, TN 37917

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Samaritan Bethany | 15 - 100 Employees | |

Street Address

24 8th St, NE

ROCHESTER, MN 55901

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Race | 04/25/2023 | 04/26/2023 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I was hired by the above employer on April 25, 2023, as a Certified Nurses Aid. The employer employs more than 15 employees.

II. During my employment, I was caring for a patient who was combative, kicking, hitting, and requiring assistance. I asked a Certified Nursing Assistant (Caucasian) to assist with the resident and we informed the nurse on duty about the incident. On April 27, 2023, I received a phone call that I was being investigated for elderly abuse, and I was discharged. The Certified Nursing Assistant (Caucasian) who assisted me was not subjected to any investigation or was not discharged.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Karen Y. Beckman**<br><br>**12/09/2023**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 3

*Exhibit-B*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC FEPA | 444-2023-02097 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

III.I believe that I was discriminated against because of my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Karen Y. Beckman**<br><br>12/09/2023 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Charging Party Signature* | |

Page 2 of 3

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Page 3 of 3

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/28/2024

**To:** Karen Y. Beckman
718 Atlantic Ave
KNOXVILLE, TN 37917
Charge No: 444-2023-02097

EEOC Representative and email:    CHRISTOPHER WILLARD
Investigator
christopher.willard@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 444-2023-02097.

On behalf of the Commission,

Digitally Signed By:Phillip Bornefeld
06/28/2024
Phillip Bornefeld
Area Office Director

Cc:
Janet Hofshulte
101 7th St. NW
ROCHESTER, MN 55901

Gregory J Griffiths
Dunlap & Seeger, P.A.
30 3RD ST SE STE 400
Rochester, MN 55904

Please retain this notice for your records.

*Exhibit C*